| | |
|---|---|
| 1 | John A. Kelly, Esq. (SBN 225961) |
| | The Law Offices of John A. Kelly |
| 2 | 414 1st St E Ste 7, Sonoma, CA 95476 |
| | Ph: (707) 935-6100 |
| 3 | Fax: (707) 581-7470 |
| 4 | William Francis Flahavan, Esq. (SBN: 50506) |
| | Flahavan Law Offices |
| 5 | 19528 Ventura Blvd #568, Tarzana, CA 91356 |
| | Ph: (818) 708-7894 |
| 6 | Fax: (818) 708-7894 |
| 7 | James A. Thompson, Esq. (SBN: 43136) |
| | Thompson Law Offices |
| 8 | 101 Wikiup Drive, Santa Rosa, CA 95403 |
| | Ph: (707) 575-7799 |
| 9 | Fax: (707) 575-9924 |
| 10 | Attorneys for Chantha Vannalee and the Class. |

FILED
07 DEC 20 PM 2:26

E-filing

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

(OAKLAND DIVISION)

CHANTHA VANNALEE, individually on behalf of herself and on behalf of all others similarly situated, and on behalf of the general public and DOES 1-20, inclusive,

   Plaintiffs,

v.

GRANT THORNTON, LLP, an Illinois Limited Liability Partnership; DOES 1-20, inclusive,

   Defendants.

Case No.: C07-06429 ADR

**COLLECTIVE ACTION (29 U.S.C. SECTION 216(b)**

**CLASS ACTION (FRCP 23)**

**CLASS ACTION COMPLAINT FOR:**

1. **UNPAID OVERTIME WAGES (CALIFORNIA LABOR CODE SECTIONS 201, 510(A), 558, 1194; CALIFORNIA INDUSTRIAL WAGE COMMISSION ORDER NO. 4-2001.)**
2. **VIOLATION OF FAIR LABOR STANDARDS ACT (29 U.S.C. SECTION 207 ET SEQ.)**
3. **VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200 ET SEQ.**
4. **DECLARATORY RELIEF.**
5. **ACCOUNTING.**

<u>**JURY TRIAL DEMANDED.**</u>

BY FAX

Page 1

CLASS ACTION COMPLAINT FOR UNPAID OVERTIME WAGES.                    Vannalee et al. v. Grant Thornton, LLP

## CLASS ACTION COMPLAINT FOR UNPAID OVERTIME WAGES

Comes Now Plaintiffs on behalf of themselves and all other similarly situated and on behalf of the general public, hereby alleges

## JURISDICTION AND VENUE

1. Plaintiff Chantha Vannalee (the "named plaintiff") resides in North Hollywood, California.

2. Defendant GRANT THORNTON, LLP, is an Illinois limited liability partnership, and one of the nation's largest accounting firms, employing many certified public accountants ("CPAs"), and other personnel, with offices and employees in at least five separate California locations.

3. The named plaintiff is a current employee of defendant and those similarly situated to the plaintiff are former or current employees of the defendant.

4. This Court has jurisdiction over Plaintiffs' federal law claims pursuant to 29 U.S.C. 5216(b) and 28 U.S.C. Section 1331 and 28 U.S.C. Section 1337 because the action arises under the laws of the United States.

5. This Court has supplemental jurisdiction over Plaintiffs' California state law claims pursuant to 28 U.S.C. 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy between Plaintiffs and Defendant GRANT THORNTON, LLP.

6. Venue is proper in the Northern District of California under 28 U.S.C. 1392(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this district. Defendant transacts business, maintains offices, or is otherwise found within the Northern District of California.

## CLASS ACTION AND REPRESENTATIVE ALLEGATIONS.

7. The named plaintiff brings this action on their own behalf, and on behalf of the class of all persons similarly situated and on behalf of the general public.

8. For at least four years prior to the filing of Plaintiff's Complaint and continuing to the present, Defendant has instituted and carried out a plan, pursuant to

The Law Offices of
John A. Kelly, Esq.
414 1st St E Ste 7
Sonoma CA 95476
(707) 935-6100.

Page 2

CLASS ACTION COMPLAINT FOR UNPAID     Vannalee et al. v. Grant Thornton, LLP
OVERTIME WAGES.

10572456.tif - 12/20/2007 1:49:15 PM

1  which Defendant failed to pay overtime compensation to Plaintiff and members of the
2  Plaintiff Class in violation of 29 U.S.C. Section 2160, California Labor Code Section 1194,
3  and various Wage Orders of the California Industrial Welfare Commission (hereinafter
4  "California I.W.C. Wage Orders"). Specifically, Defendant has implemented and
5  enforced a policy of requiring the Plaintiff and members of the Plaintiff Class to work
6  uncompensated overtime in violation of federal and California law. Said unlawful
7  policy and practice has been carried out by treating Plaintiffs as exempt from the legal
8  obligations under federal and California law which require the payment of overtime
9  compensation. Specifically, Defendant has treated its employees falling within the
10  subject Class as exempt from such overtime pay requirements and has refused to pay all
11  such members of the Class overtime, notwithstanding the fact that all such members of
12  the Class are not exempt and are indeed entitled to overtime pay under applicable
13  federal and California wage and hours laws. Further, Defendant has willfully failed and
14  refused, and continues to fail and refuse, to pay members of the Plaintiff Class wages
15  due (including previously uncompensated overtime pay) at the time the employment of
16  Plaintiff class members which Defendant terminates, as required by California Labor
17  Code Section 201 through 203. Further, Defendant has willfully failed and refused, and
18  continues to fail and refuse, to provide members of the Plaintiff Class with appropriate
19  lunch and rest breaks, as required by applicable law, and to compensate said persons
20  for the deprivation of such lunch and rest periods in the manner required by law.

21  9.  The class consists of all persons employed by the Defendant, or any one of
22  them, within the State of California as an "associate" or "manager",[1] or similarly titled
23  personnel who were performing the same sort of functions of the named plaintiff, and
24  subject to the same salaried compensation system, from four years preceding the filing
25  of this complaint through the date of judgment after trial who were not compensated
26  for their work and overtime work as required by California law.

---

[1] Defendant maintans a deceptive distinction between "senior managers" and "managers," where senior managers are all certified public accountants.

The Law Offices of
John A. Kelly, Esq.
414 1st St E Ste 7
Sonoma CA 95476
(707) 935-6100

Page 3

CLASS ACTION COMPLAINT FOR UNPAID   Vannalee et al. v. Grant Thornton, LLP
OVERTIME WAGES.

10572456.tif  12/20/2007 1:49:15 PM

10. The named plaintiff seeks to represent a class of persons who are so numerous that the joinder of each member of the class is impracticable.

11. There is a well-defined community of interest in the questions of law and fact affecting the class the named plaintiff represents. The class members' claims against Defendant involve questions of common or general interest, in that their claims are based on Defendants implementation and utilization of a policy pursuant to which all members of the class were denied payment of overtime compensation during the time in question. These questions are such that proof of a state of facts common to the members of the class will entitle each member of the class to the relief requested in this Complaint.

12. The named plaintiff will fairly and adequately represent the interests of the class because the named plaintiff is a member of the class and the claims of the named plaintiff are typical of those in the class.

13. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because questions of law and fact common to the Class predominate over any questions effecting only individual members of the Class.

## FACTS

14. Plaintiffs hereby incorporate each and every allegation contained in this Complaint above, and reallege said allegations as though fully set forth herein.

15. During all times relevant herein, the class members supported the business of the defendant. Such work involved the class members assisting their superiors in the production of the products and services provided by the defendant's business to its customers. The great majority of such work by the class members included, but was not limited to, secretarial, clerical, and data entry support work, including filing papers, organizing and assembling documents, taking notes of meetings, entering spreadsheet data and formatting spreadsheets, and similar tasks requiring very little or no exercise of discretion or independent judgment or any

The Law Offices of
John A. Kelly, Esq.
414 1st St E Ste 7
Sonoma CA 95476
(707) 935-6100

Page 4

CLASS ACTION COMPLAINT FOR UNPAID OVERTIME WAGES.  Vannalee et al. v. Grant Thornton, LLP

10572456.tif - 12/20/2007 1:49:15 PM

1  advanced professional degree or license or the prior completion of any extended course
2  of academic or technical studies in any art or science.[2]
3      16.    Defendant compensated the named plaintiff and the class members on a
4  "salary only" basis whereby the named plaintiff and the class members were paid a
5  fixed salary for all hours worked during each week.
6      17.    There are numerous common questions of law and fact that predominate
7  over any questions affecting only individual members of the Class. Among these
8  questions of law and fact common to the Class are:
9          a. Whether Defendant unlawfully failed to pay overtime compensation in
10          violation of 29 U.S.C. section 5211;
11          b. Whether Defendant unlawfully failed to pay overtime compensation in
12          violation of California Labor Code Section 1194;
13          c. Whether Defendant unlawfully failed to provide legally required meal
14          and rest breaks for members of the Class and failed to compensate Class
15          members for such deprivation.
16          d. Whether Defendant unlawfully failed to pay overtime wages due and
17          owing at the time of termination of the employment of Class Members;
18          e. Whether the members of the Plaintiff Class sustained damages and, if
19          so, the proper measure of such damages; and
20          f. Whether the Class is entitled to injunctive relief.
21          **FIRST CAUSE OF ACTION:  OVERTIME WAGES**
22          (California Labor Code Section 1194)
23      18.    Plaintiffs hereby incorporate each and every allegation contained in this
24  complaint, and reallege said allegations as though fully set forth herein.

---

[2] To the extent that such personnel perform work fairly characterized as tax preparation type-work, the work is conducted only for purposes of submission to senior management, who are, as previously noted, all certified public accountants (for instance, no member of the class ever signs or completes any tax filings on behalf of any clients).

The Law Offices of
John A. Kelly, Esq.
414 1st St E Ste 7
Sonoma CA 95476
(707) 935-6100

Page 5

CLASS ACTION COMPLAINT FOR UNPAID
OVERTIME WAGES.

Vannalee et al. v. Grant Thornton, LLP

10572456 tif - 12/20/2007 1:49:15 PM

19. At all relevant times, the named plaintiff and the plaintiff class members were required to work in excess of eight hours during the workday and in excess of forty (40) hours during the workweek and/or worked more than six consecutive days in a workweek.

20. During all relevant times the Wage Order No. 4, of the California Industrial Welfare Commission, provided that "... nonexempt employees must be paid an overtime premium for all hours worked in excess of eight during the workday and in excess of 40 during the workweek, as well as for work performed on the seventh workday in a work week..."

21. Although the named plaintiff and the plaintiff class members worked overtime as that term was defined in the relevant wage orders, Defendant failed and refused to pay the legally required state overtime premiums. Therefore, Plaintiffs demand overtime compensation as provided under California law.

## SECOND CAUSE OF ACTION

(FLSA, 29 U.S.C. Section 207, Section 211 (c), and Section 216(b))

22. Plaintiffs reallege and incorporate by reference each and every allegation set forth above as though fully set forth herein.

23. By their actions alleged above, Grant Thornton, LLP violated 29 U.S.C. Section 207, which requires employers to pay overtime compensation to non-exempt employees.

24. As a result of the unlawful acts of Grant Thornton, LLP, Plaintiffs and all persons similarly situated have been deprived of overtime compensation in an amount to be determined at trial, and are entitled to recovery of such amount, liquidated damages, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. 216(b).

## THIRD CAUSE OF ACTION

(California Labor Code Section 201- Section 204, Section 510(a), Section 558, Section 1174(d) and the California I. W. C. Wage Orders)

The Law Offices of
John A. Kelly, Esq.
414 1st St E Ste 7
Sonoma CA 95476
(707) 935-6100

Page 6

CLASS ACTION COMPLAINT FOR UNPAID         Vannalee et al. v. Grant Thornton, LLP
OVERTIME WAGES.

10572456.tif - 12/20/2007 1:49:15 PM

25. Plaintiffs reallege and incorporate by reference each and every allegation set forth above as though fully set forth herein.

26. By their actions alleged above, Defendant violated the provisions of the California Labor Code and the California I. W. C. Wage Orders that require employers to pay overtime compensation to non-exempt employees, and to provide daily meal and rest periods.

27. As a result of the unlawful facts of Defendant, Plaintiffs and those members of the class in California have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, including interest thereon, attorneys' fees, costs, and penalties.

## FOURTH CAUSE OF ACTION: OVERTIME COMPENSATION

(California Business and Professions Code Sections 17200 et seq.)

28. Plaintiffs hereby incorporate each and every allegation contained in this complaint above, and reallege said allegations as though fully set forth herein.

29. Throughout the above-described period Defendant repeatedly misrepresented to the members of the plaintiff class and the general public that the plaintiffs were "professional" or other sorts of employees exempt from the overtime laws of the State of California.

30. This misrepresentation gave Defendant a competitive advantage over other employers who legitimately paid their workers the proper overtime wages and other wages required by California law.

31. Further, in so acting Defendant violated, *inter alia*, each of the following, each such act constituting an independent and separate violation of California Business & Professions Code Section 17200 et seq. :

    a. 29 U.S.C. Section 207, Section 211(c) and Section 216(b);

    b. 29 C.F.R. Section 785.18 and Section 785.19;

The Law Offices of
John A. Kelly, Esq.
414 1st St E Ste 7
Sonoma CA 95476
(707) 935-6100.

Page 7

CLASS ACTION COMPLAINT FOR UNPAID
OVERTIME WAGES.

Vannalee et al. v. Grant Thornton, LLP

10572456.tif - 12/20/2007 1:49:15 PM

   c. California Labor Code Section 201 through Section 204, Section 216, Section 510(a), Section 553, section 558, section 1174(d), Section 1194, and Section 1199; and

   d. California I.W.C. Wage Order No. 4-2001.

32.  Defendant's conduct described in this Complaint constitutes an unlawful business practice in violation of Business and Professions Code Section 17200, et seq.

33.  Therefore, Plaintiffs pray for restitution and injunctive relief for all class members, for all wages due, and for an order pursuant to Business and Professions Code Section 17203 to cease from failing to pay overtime wages to workers employed or who render services to Defendant within California.

### FIFTH CAUSE OF ACTION: STATUTORY INTEREST ON UNPAID WAGES
### (Labor Code Section 218.6)

34.  Plaintiffs hereby incorporate each and every allegation contained in this Complaint above and reallege said allegations as though fully set forth herein.

35.  California Labor Code Section 218.6 states: In any action brought for the nonpayment of wages, the court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision (b) of Section 3289 of the Civil Code, which shall accrue from the date that the wages were due and payable as provided in art 1 (commencing with Section 200) of Division 2."

36.  Subdivision (b) of Section 3289 of the California Civil Code states: "If a contract entered into after January 1, 1986, does not stipulate a legal rate of interest, the obligation shall bear interest at a rate of 10 percent per annum after a breach."

37.  Therefore, Plaintiffs demand interest on the amount of wages due weekly at the rate of 10% per annum as required by law.

### SIXTH CAUSE OF ACTION: WAITING PENALTIES

38.  Plaintiffs hereby incorporate each and every allegation contained in this Complaint above and reallege said allegations as though fully set forth herein.

The Law Offices of
John A. Kelly, Esq.
414 1st St. E Ste. 7
Sonoma CA 95476
(707) 933-6100

Page 8

CLASS ACTION COMPLAINT FOR UNPAID   Vannalee et al. v. Grant Thornton, LLP
OVERTIME WAGES.

10672466.tif - 12/20/2007 1:49:15 PM

39. California Labor Code Section 203 states "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202 and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days."

40. The named plaintiff and the majority of class members terminated employment more than 30 days prior to the filing of this lawsuit.

41. Therefore, Plaintiff, on behalf of the class, demands waiting penalties according to law.

## SEVENTH CAUSE OF ACTION

(Declaratory Relief)

42. Plaintiff realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein.

43. An actual controversy has arisen between the Plaintiff and the Plaintiff class, on the one hand, and the Defendant, on the other hand, relating to the Following matters:

    a. Whether Defendant has unlawfully failed to pay overtime compensation in violation of 29 U.S.C. Section 207 to Plaintiff and members of the Plaintiff Class;

    b. Whether Defendant has unlawfully failed to pay overtime compensation in violation of California Labor Code Section 1194 to Plaintiff and members of the Plaintiff Class;

    c. Whether Defendant has unlawfully failed to pay compensation owing (including unpaid overtime pay) in a timely manner to Plaintiff and members of the Plaintiff Class whose employment has terminated, as required by California Labor Code Section 201 to Section 203; and

Page 9
CLASS ACTION COMPLAINT FOR UNPAID OVERTIME WAGES.
Vannalee et al. v. Grant Thornton, LLP
The Law Offices of John A. Kelly, Esq.
414 1st St E Ste 7
Sonoma CA 95476
(707) 935-6100
10572466.tif - 12/20/2007 1:49:16 PM

1          d. Whether Defendant can require members of the Plaintiff Class to work
2  overtime hours without compensation as a condition of their employment.
3      44.     Plaintiff and the Plaintiff Class further seek entry of a declaratory
4  judgment against Defendant herein and in favor of Plaintiffs, which judgment declares
5  Defendant's practices as heretofore alleged to be unlawful and which provides for
6  recovery of all sums determined by this Court to be owed by the Defendant to the
7  Plaintiffs and the Plaintiff Class.

## EIGHTH FIFTH CLAIM OF RELIEF

(For An Accounting From Defendant)

10      45.     Plaintiff realleges and incorporates by reference each and every allegation
11  set forth above as though fully set forth herein.
12      46.     The Plaintiffs are owed, *inter alia*, wages which equal the sum of overtime
13  compensation not paid by Defendant to Plaintiff and members of the Plaintiff Class,
14  statutory interest on such compensation, waiting time penalties owed to the members of
15  the
16      47.     Plaintiff Class whose employment has terminated, and additional
17  retirement plan credit and/or benefits.
18      48.     The Plaintiffs do not know the precise amount of compensation and/or
19  restitution due to the Plaintiff and members of the Plaintiff Class. Upon information
20  and belief, Plaintiff alleges that Defendant possesses records from which the amount of
21  due and owing to each member of the Plaintiff Class can be determined.
22      49.     Such amounts can only be determined by an accounting of the books and
23  records in the possession of Defendant.
24      NOW, THEREFORE, Plaintiff prays for relief as follows:
25      1.     For an order certifying the Plaintiff Class and any appropriate subclasses
26  thereof and appointing Plaintiffs and their counsel to represent such Class;

The Law Offices of
John A. Kelly, Esq.
414 1st St E Ste 7
Sonoma CA 95476
(707) 935-6100.

Page 10

CLASS ACTION COMPLAINT FOR UNPAID      Vannalee et al. v. Grant Thornton, LLP
OVERTIME WAGES.

10572456.tif - 12/20/2007 1:49:15 PM

2.    For declaratory judgment that Grant Thornton, LLP has violated the overtime provisions of 29 U.S.C. Section 207, and California Labor Code Section 1194 and Section 201 to Section 203, as to the Plaintiffs and members of the Class;

3.    For an accounting;

4.    Premium pay for overtime hours worked according to the Wage Orders of the Industrial Welfare Commission applicable at the time work was performed;

5.    For an order enjoining further violations of the FLSA, pursuant to 29 U.S.C. Section 217, and California Labor code Section 1194 and Section 201 to Section 203;

6.    For a judgment awarding the Plaintiff and all members of the Plaintiff Class restitution and/or compensatory damages in an amount which may be proven at trial, together with prejudgment interest at the rate allowed by applicable law;

7.    Interest at the legal rate of 10% per annum, from each week payment of wages were due for each and every class member.

8.    Waiting penalties as provided for under Labor Code Section 203.

9.    Attorneys fees and costs as required by Labor Code Section 1194.

10.    Equitable and injunctive relief including restitution.

11.    Such further relief as the court deems just, reasonable, and proper.

DATED: Tuesday, December 18, 2007

_____
John A. Kelly, Esq.
Attorneys for Chantha Vannalee and the Class.

The Law Offices of John A. Kelly, Esq.
414 1-61 E Ste 7
Sonoma CA 95476
(707) 935-6100.

Page 11

CLASS ACTION COMPLAINT FOR UNPAID OVERTIME WAGES.   Vannalee et al. v. Grant Thornton, LLP

10572456.tif - 12/20/2007 1:49:15 PM