Bingham McCutchen LLP
JAMES SEVERSON (SBN 67489)
james.severson@bingham.com
JACQUELINE S. BRONSON (SBN 222169)
jacqueline.bronson@bingham.com
Three Embarcadero Center
San Francisco, CA  94111-4067
Telephone:  415.393.2000
Facsimile:  415.393.2286

Attorneys for Defendant
Grant Thornton LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Chantha Vannalee, individually on behalf of herself and on behalf of all others similarly situated, and on behalf of the general public and DOES 1-20, inclusive,<br><br>　　　　　Plaintiffs,<br>　　v.<br><br>Grant Thornton, LLP,<br><br>　　　　　Defendant. | No. C07-06429 (BZ)<br><br>**DEFENDANT GRANT THORNTON LLP'S ANSWER TO COMPLAINT** |

Defendant Grant Thornton LLP ("Defendant") answers the Complaint of Plaintiff Chantha Vannalee as follows:

**Jurisdiction and Venue**

1.　Answering paragraph 1 of Plaintiff's Complaint, Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 1, and on that ground denies them.  Defendant admits and alleges that during her employment with Defendant, Plaintiff worked in Defendant's office in Los Angeles, California.

2.　Answering paragraph 2 of Plaintiff's Complaint, Defendant admits that it is a limited liability partnership, that its national office is located in Chicago, Illinois, that it is one of the nation's largest accounting firms, that it employs certified public accountants and

1  other personnel, and that it has offices and employees in six California locations, including the
2  Los Angeles office where Plaintiff worked.  Except as so admitted and alleged, Defendant denies
3  the allegations of paragraph 2 of Plaintiff's Complaint.

4   3.   Defendant admits that Plaintiff is currently employed by Defendant, but
5  otherwise denies the allegations of paragraph 3 of Plaintiff's Complaint, and specifically denies
6  that there are present or former employees of Defendant who are similarly situated to Plaintiff.

7   4.   Answering paragraph 4 of Plaintiff's Complaint, Defendant admits that
8  this Court has jurisdiction over actions invoking federal law in accordance with the provisions of
9  28 U.S.C. § 1331 and 28 U.S.C. § 1337, and that 29 U.S.C. §216(b), under which Plaintiff
10 purports to bring this suit, confers jurisdiction over this action on this Court.  Except as so
11 admitted, Defendant denies the allegations of paragraph 4 of Plaintiff's Complaint.

12  5.   Answering paragraph 5 of Plaintiff's Complaint, Defendant admits that,
13 under the provisions of 28 U.S.C. §1367(a), this Court has supplemental jurisdiction over state
14 claims that are so related to claims in the action within such original jurisdiction that they form
15 part of the same case or controversy under Article III of the United States Constitution.  Except
16 as so admitted, Defendant denies the allegations of paragraph 5 of Plaintiff's Complaint.

17  6.   Answering paragraph 6 of Plaintiff's Complaint, Defendant admits that it
18 has offices and does business within the Northern District of California.  Except as so admitted,
19 Defendant denies the allegations of paragraph 6 of Plaintiff's Complaint.

20 **Class Action and Representative Allegations**

21  7.   Answering paragraph 7 of Plaintiff's Complaint, Defendant admits that
22 Plaintiff purports to bring this action on behalf of herself and all others similarly situated and the
23 general public.  Except as so admitted, Defendant denies the allegations of paragraph 7 of the
24 Complaint, and specifically denies that Plaintiff is entitled to any of the relief requested or
25 otherwise, or that this action may properly be maintained as a collective, representative, and/or
26 class action.

27  8.   Answering paragraph 8 of Plaintiff's Complaint, Defendant admits and
28 alleges that at all relevant times, Plaintiff was properly classified as an exempt employee under

1 state and federal law. Except as so admitted and alleged, Defendant denies the allegations of paragraph 8 of Plaintiff's Complaint.

9. Answering paragraph 9 of Plaintiff's Complaint, Defendant admits that Plaintiff purports to bring this action on behalf of a purported class as defined in paragraph 9. Except as so admitted, Defendant denies the allegations of paragraph 9 of the Complaint and specifically denies that Plaintiff is entitled to any of the relief requested or otherwise, or that this action may properly be maintained as a collective, representative, and/or class action.

10. Defendant denies the allegations of paragraph 10 of Plaintiff's Complaint, and specifically denies that Plaintiff is entitled to represent a class.

11. Defendant denies the allegations of paragraph 11 of Plaintiff's Complaint.

12. Defendant denies the allegations of paragraph 12 of Plaintiff's Complaint.

13. Defendant denies the allegations of paragraph 13 of Plaintiff's Complaint.

**Facts**

14. Answering paragraph 14 of Plaintiff's Complaint, Defendant incorporates by reference each of its responses to the allegations contained in the Complaint as if set forth in full.

15. Defendant denies the allegations of paragraph 15 of Plaintiff's Complaint.

16. Answering paragraph 16 of Plaintiff's Complaint, Defendant admits that at all relevant times, Plaintiff was properly classified as an exempt employee and was paid on a salary basis. Defendant further admits that it employs other employees who are properly classified as exempt employees whom it also pays on a salary basis. Except as so admitted and alleged, Defendant denies the allegations of paragraph 16 of Plaintiff's Complaint.

17. Defendant denies the allegations of paragraph 17 of Plaintiff's Complaint.

**First Cause of Action**

18. Answering paragraph 18 of Plaintiff's Complaint, Defendant incorporates by reference each of its responses to the allegations contained in the Complaint as if set forth in full.

19. Defendant denies the allegations of paragraph 19 of Plaintiff's Complaint.

DEFENDANT GRANT THORNTON LLP'S ANSWER TO COMPLAINT

20. To the extent the allegations of paragraph 20 of Plaintiff's Complaint purport to recite what Wage Order 4 of the California Industrial Welfare Commission provides, the Order speaks for itself and no response by Defendant is required. Defendant denies the remaining allegations, if any, of paragraph 20 of Plaintiff's Complaint.

21. Defendant denies the allegations of paragraph 21 of Plaintiff's Complaint.

**Second Cause of Action**

22. Answering paragraph 22 of Plaintiff's Complaint, Defendant incorporates by reference its responses to paragraphs 1 through 21 of the Complaint as if set forth in full.

23. Defendant denies the allegations of paragraph 23 of Plaintiff's Complaint.

24. Defendant denies the allegations of paragraph 24 of Plaintiff's Complaint.

**Third Cause of Action**

25. Answering paragraph 25 of Plaintiff's Complaint, Defendant incorporates by reference its responses to paragraphs 1 through 24 of the Complaint as if set forth in full.

26. Defendant denies the allegations of paragraph 26 of Plaintiff's Complaint.

27. Defendant denies the allegations of paragraph 27 of Plaintiff's Complaint.

**Fourth Cause of Action**

28. Answering paragraph 28 of Plaintiff's Complaint, Defendant incorporates by reference its responses to paragraphs 1 through 27 of the Complaint as if set forth in full.

29. Defendant denies the allegations of paragraph 29 of Plaintiff's Complaint.

30. Defendant denies the allegations of paragraph 30 of Plaintiff's Complaint.

31. Defendant denies the allegations of paragraph 31 of Plaintiff's Complaint.

32. Defendant denies the allegations of paragraph 32 of Plaintiff's Complaint.

33. Answering paragraph 33 of Plaintiff's Complaint, Defendant admits that Plaintiff purports to pray for the relief specified in this paragraph. Except as so admitted, Defendant denies the allegations of paragraph 33 of the Complaint and specifically denies that Plaintiff is entitled to any of the relief requested or otherwise, or that this action may properly be maintained as a collective, representative, and/or class action.

**Fifth Cause of Action**

34. Answering paragraph 34 of Plaintiff's Complaint, Defendant incorporates by reference its responses to paragraphs 1 through 33 of the Complaint as if set forth in full.

35. To the extent the allegations of paragraph 35 of Plaintiff's Complaint purport to recite what California Labor Code §218.6 provides, the statute speaks for itself and no response by Defendant is required. Defendant denies the remaining allegations, if any, of paragraph 35 of Plaintiff's Complaint.

36. To the extent the allegations of paragraph 36 of Plaintiff's Complaint purport to recite what California Civil Code §3289(b) provides, the statute speaks for itself and no response by Defendant is required. Defendant denies the remaining allegations, if any, of paragraph 36 of Plaintiff's Complaint.

37. Answering paragraph 37 of Plaintiff's Complaint, Defendant admits that Plaintiff purports to demand interest. Except as so admitted, Defendant denies the allegations of paragraph 37 of the Complaint and specifically denies that Plaintiff is entitled to any of the relief requested or otherwise, or that this action may properly be maintained as a collective, representative, and/or class action.

**Sixth Cause of Action**

38. Answering paragraph 38 of Plaintiff's Complaint, Defendant incorporates by reference its responses to paragraphs 1 through 37 of the Complaint as if set forth in full.

39. To the extent the allegations of paragraph 39 of Plaintiff's Complaint purport to recite what California Labor Code §203 provides, the statute speaks for itself and no response by Defendant is required. Defendant denies the remaining allegations, if any, of paragraph 39 of Plaintiff's Complaint.

40. Defendant denies the allegations of paragraph 40 of Plaintiff's Complaint.

41. Answering paragraph 41 of Plaintiff's Complaint, Defendant admits that Plaintiff purports to demand waiting time penalties. Except as so admitted, Defendant denies the allegations of paragraph 41 of the Complaint and specifically denies that Plaintiff is entitled to any of the relief requested or otherwise, or that this action may properly be maintained as a

DEFENDANT GRANT THORNTON LLP'S ANSWER TO COMPLAINT

1  collective, representative, and/or class action.

## Seventh Cause of Action

2. Answering paragraph 42 of Plaintiff's Complaint, Defendant incorporates by reference its responses to paragraphs 1 through 41 of the Complaint as if set forth in full.

43. Defendant denies the allegations of paragraph 43 of Plaintiff's Complaint.

44. Answering paragraph 44 of Plaintiff's Complaint, Defendant admits that Plaintiff purports to seek declaratory relief. Except as so admitted, Defendant denies the allegations of paragraph 44 of the Complaint and specifically denies that Plaintiff is entitled to any of the relief requested or otherwise, or that this action may properly be maintained as a collective, representative, and/or class action.

## Eighth Cause of Action

45. Answering paragraph 45 of Plaintiff's Complaint, Defendant incorporates by reference its responses to paragraphs 1 through 44 of the Complaint as if set forth in full.

46. Defendant denies the allegations of paragraph 46 of Plaintiff's Complaint.

47. Defendant denies the allegations of paragraph 47 of Plaintiff's Complaint.

48. Defendant denies the allegations of paragraph 48 of Plaintiff's Complaint, and specifically denies that there is any additional compensation and/or restitution due or owing to Plaintiff or to any member of the purported class.

49. Defendant denies the allegations of paragraph 49 of Plaintiff's Complaint.

## Prayer For Relief

Defendant denies that Plaintiff is entitled to any relief requested in the Prayer for Relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Neither Plaintiff's Complaint nor any of its individual causes of action states a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

To the extent that Plaintiff's claims and/or the claims of the class she purports to

1  represent are barred in whole or in part by the applicable statutes of limitations, Defendant
2  asserts that defense.

### THIRD AFFIRMATIVE DEFENSE

4  To the extent that Plaintiff's claims and/or the claims of any member of the class
5  she purports to represent were already litigated and/or resolved in any prior proceeding,
6  Plaintiff's claims in this action are barred by reason of the primary right, res judicata, and/or
7  collateral estoppel doctrines.  To the extent that Plaintiff, or any member of the class she purports
8  to represent, have entered into waivers or releases of any of the claims she purports to assert in
9  this action, those claims are barred by those waivers or releases.

### FOURTH AFFIRMATIVE DEFENSE

11  Plaintiff's claims and/or the claims of the purported class members are barred in
12  whole or in part because any injury to Plaintiff and/or the purported class members was a result
13  of the conduct or omissions of Plaintiff or of the purported class members or others, including
14  but not limited to failure to properly perform their jobs, and were not the result of any act or
15  omission on the part of Defendant.

### FIFTH AFFIRMATIVE DEFENSE

17  To the extent that Plaintiff, or any member of the class she purports to represent,
18  failed or refused to make reasonable efforts to mitigate, minimize or avoid their alleged damages,
19  their claims for damages are barred, either in whole or in part.

### SIXTH AFFIRMATIVE DEFENSE

21  Plaintiff's claims and/or the claims of alleged class members are barred in whole
22  or in part because Plaintiff's and/or the purported class members' alleged damages, if any, are
23  too speculative or remote and/or are impossible to establish with reasonable certainty.

### SEVENTH AFFIRMATIVE DEFENSE

25  Plaintiff's claims, if any, and the claims of the purported class members, if any,
26  are barred because at all times Defendant's conduct and actions were undertaken in good faith
27  and with reasonable grounds for believing that its conduct and actions did not violate any law,
28  and in engaging in the conduct and taking the actions it took, Defendant at all times believed in

good faith that it was exercising its legal rights.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's Fourth Cause of Action is barred, in whole or in part, because the conduct alleged in the Complaint was not "unlawful," "deceptive," or "unfair" and/or the public was not misled or deceived within the meaning of California Business & Professions Code section 17200 *et seq.* or any applicable common law or statute.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff and/or the general public are not entitled to restitution or disgorgement of profits pursuant to the California Supreme Court's interpretation of Business & Professions Code § 17200 *et seq.*

**TENTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff's claims and/or damages, and/or the claims and/or damages of any purported class member, are barred by the doctrines of waiver, estoppel, unclean hands, and/or laches, Defendant asserts those defenses.

**ELEVENTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff's claims and/or damages, and/or the claims and/or damages of any purported class member, are barred by Plaintiff's or the alleged class members' failure to exhaust any available administrative remedies, including, without limitation, the administrative remedies available under the California Labor Code for the assertion of claims such as those alleged in the Complaint, Defendant asserts that defense.

**TWELFTH AFFIRMATIVE DEFENSE**

Neither the Complaint nor any of its causes of action states a claim upon which an award of attorneys' fees may be assessed against Defendant.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Neither the Complaint nor any of its causes of action states a claim upon which an award of "waiting time" or other penalties may be assessed against Defendant.

**FOURTEENTH AFFIRMATIVE DEFENSE**

This action is barred in whole or in part because Plaintiff's claims are not

maintainable as a collective, representative and/or class action since there is no community of interest between Plaintiff and any member of the purported class; because individual issues and facts substantially predominate over common issues and facts, if any, rendering this case unsuitable for class treatment; because no ascertainable class exists; because a collective, representative and/or class action is not a superior method for adjudicating the disputes Plaintiff alleges; and because Plaintiff is neither an adequate, suitable nor appropriate class representatives for the classes she purports to represent.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendant fully performed the obligations, if any, owed to Plaintiff and to the members of the class she purports to represent; and any failure of Defendant to perform was excused by Plaintiff's and/ or the purported class members' breach, failure to perform or own conduct.

### SIXTEENTH AFFIRMATIVE DEFENSE

Any and all decisions made by Defendant regarding Plaintiff and/or the class members she purports to represent were made for legitimate business reasons, with good cause, without bad faith, and without any "willful" failure to pay any wages that were allegedly due to Plaintiff and/or the purported class members.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim supporting an award of penalties under the California Labor Code because there exists a good faith dispute regarding wage payments.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to liquidated damages under 29 U.S.C. §216(b) because Defendant acted in good faith and had reasonable grounds for believing that its acts or omissions were not in violation of the Fair Labor Standards Act.

### NINETEENTH AFFIRMATIVE DEFENSE

At all times pertinent to this action, Defendant's conduct and actions were not in violation of any federal or California law or regulation, including any of the laws or regulations cited in the Complaint.

**TWENTITH AFFIRMATIVE DEFENSE**

To the extent that any unnamed class members have not filed written consents with the Court, those unnamed class members' claims shall not be considered to have "commenced" under 29 U.S.C. §§216(b), 255, 256 and 257.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Any award to Plaintiff in this action would constitute unjust enrichment.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

This action is barred, in whole or in part, by the Due Process Clauses of the United States and California Constitutions in that it seeks restitutionary or other monetary relief on behalf of absent parties.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiff's recovery, if any, in this action, is limited to the extent that Plaintiff did not provide Defendant notice and an opportunity to cure the alleged violations.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

At all relevant times, Plaintiff and the class members she purports to represent were exempt employees and were therefore not entitled to overtime compensation, meal or rest periods or other legal provisions applicable to non-exempt employees, as the employees were, during such period, employed in either a bona fide executive, professional or administrative capacity, as such terms have been defined and delimited under applicable federal and state law, by the Administrator of the Wage and Hour Division of the United States Department of Labor, by the California Industrial Welfare Commission and by other applicable state and federal agencies.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiff has not stated a claim upon which declaratory or injunctive relief may be granted.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

This Court constitutes an inconvenient forum in which to hear this action, and this action should be dismissed or transferred for the convenience of the parties and witnesses, and in

the interests of justice, pursuant to the doctrine of forum non conveniens or 28 U.S.C. §1404.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Defendants at all times acted with business justification and did not violate established public policy or engage in any unlawful acts or omissions.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

Defendant states that it currently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendant reserves the right to assert additional affirmative defenses in the event discovery indicates that would be appropriate.

WHEREFORE, Defendant prays for judgment as follows:

1. That the Complaint be dismissed in its entirety with prejudice;
2. That Plaintiff takes nothing by her Complaint;
3. That judgment be entered in favor of Defendant;
4. For costs of suit, including reasonable attorneys' fees; and
5. For such other and further relief as the Court deems proper.

DATED: February 8, 2008

Bingham McCutchen LLP

By: /s/ James Severson
James Severson
Attorneys for Defendant
Grant Thornton, LLP